IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BLAIR R. JONES, JR.,

       Petitioner,

v.                                                                  Civil Action No. 1:07cv115
                                                                 Criminal Action No. 1:05cr95-1
                                                                 (Judge Keeley)

UNITED STATES OF AMERICA

       Respondent.

## OPINION/REPORT AND RECOMMENDATION

On August 30, 2007, the *pro se* petitioner field a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. This case is before the undersigned for a preliminary review and report and recommendation pursuant to LR PL P 83.01, et seq., and Standing Order No. 4.

**I.     Procedural History**

**A.     Conviction and Sentence**

On June 22, 2006, the petitioner signed a plea agreement by which he agreed to plead guilty to Count One of the Indictment, continuing a criminal enterprise, in violation of Title 21, United States Code, Sections 848 and 841(b)(1)(A). See Plea Agreement (dckt.168) ¶ 1. Additionally, the petitioner's plea agreement contained the following language regarding waiver:

> Mr. Jones is aware that Title 18, United States Code, Section 3742
> affords a defendant the right to appeal the sentence imposed.
> Acknowledging all this, and in exchange for the concessions made
> by the United States in the plea agreement. The defendant knowingly
> and voluntarily waives the right to appeal his sentence or the manner
> in which that sentence was determined on any ground whatsoever,
> including those grounds set forth in Title 18, United States Code,
> Section 3742. The defendant also waives his right to challenge his

sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus). In exchange for the defendant's waiver, the United States waives its right to appeal the sentence. In the event that there would be an appeal however, such party reserves the right to argue in support of the sentence.

Id. at ¶ 8.

On June 27, 2006, the petitioner entered his plea in open court. The Court specifically asked if the petitioner understood the waiver of appellate and post-conviction rights.[1] The Court

---

[1] At the Rule 11 hearing, the following exchange took place:

> THE COURT: All right. Now under the terms of this plea agreement you are also waiving or giving up your right to appeal a sentence of two hundred and forty months if that is the sentence that the Court imposes on you. That is paragraph eight, which is found on page five of your plea agreement. Were you aware that paragraph was in there?
>
> THE DEFENDANT: Yes ma'am
>
> THE COURT: And is that something that you have agreed to?
>
> THE DEFENDANT: Yes ma'am
>
> THE COURT: Do you understand that that waiver also covers your habeas corpus rights, which would mean that if you filed a petition under 2255 of 28 United States Code, Section 2255, to have this Court take another look at what happened in your case, the waiver would bar that, I couldn't do it?
>
> THE DEFENDANT: Yes ma'am.

Plea Transcript (dckt. 228) p. 13.

Additionally, at the sentencing hearing, the Court stated the following:

> THE COURT: The waiver also covered your right to file what's called a petition for writ of habeas corpus to collaterally attack the sentence and that is usually done in the Federal system by filing what's called a 2255 petition. Have you heard of these?
>
> THE DEFENDANT: No ma'am.

asked petitioner's counsels if they believed petitioner understood the waiver of appellate and post-conviction relief rights. Id. at 27. Petitioner stated that he understood and agreed with all the terms and conditions of the plea agreement. Id. at 19.  The Court then reviewed all the rights petitioner was giving up by pleading guilty Id. at pp.24-27.  During the plea hearing, the Government presented the testimony of Brian Fox, Special Agent, Federal Bureau of Investigation to establish the factual basis for the plea.  Id. at 28-36.  The petitioner did not contest the factual basis of the plea.  After the Government presented the factual basis for the plea, the petitioner advised the Court that he was guilty of Count One of the Indictment. Id. at 37. The petitioner testified that his attorney had adequately represented him, and that his attorney had left nothing undone. Id. at 48.

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily and that the petitioner understood the consequences of pleading guilty. Id. at pp. 48-49.  The petitioner did not object to the Court's findings.

On September 25, 2006, the petitioner appeared before the Court where he received a sentence of 240 months and five years of supervised release.

**B.**     **Appeal**

---

> THE COURT: Okay. Well those are habeas petitions for Federal prisoners attacking Federal sentences but you waived or gave up your right to file one of those as well in order to get the sentence of two hundred and forty months and the binding plea. Okay?
>
> THE DEFENDANT: Yes ma'am.
>
> THE COURT: Do you have any questions about any of this at all?
>
> THE DEFENDANT: No ma'am.

See Sentencing Transcript (dckt. 228) pp 70-71.

The petitioner did not pursue a direct appeal.

**C.      Federal Habeas Corpus**

Petitioner's Contentions

(1) Ineffective assistance of counsel for

> (a) failing to file a motion for a suppression hearing;
>
> (b) failing to file a motion for continuance regarding the suppression hearing;
>
> (c) coercing petitioner into signing the plea agreement; and
>
> (d) failing to preserve petitioner's appellate and post-conviction rights of appeal.

**II.     Analysis**

**Waiver of Post-Conviction Rights**

"[T]he guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned." Blackledge v. Allison, 431 U.S. 63, 71 (1977). However, the advantages of plea bargains "can be secure . . . only if dispositions by guilty plea are accorded a great measure of finality." Id. "To this end, the Government often secures waivers of appellate rights from criminal defendants as part of their plea agreement." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).

In United States v. Attar, 38 F.3d 727 (4th Cir. 1994), the Fourth Circuit found that "a waiver-of-appeal-rights provision in a valid plea agreement is enforceable against the defendant so long as it is the result of a knowing and intelligent decision to forgo the right to appeal." Attar at 731. The Fourth Circuit then found that whether a waiver is knowing and intelligent "depends upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused." Id. After upholding the general validity of a waiver-of-appeal-rights provision, the Fourth Circuit noted that even with a waiver-of-appeals-rights provision, a defendant

may obtain appellate review of certain limited grounds. Id. at 732. For instance, the Court noted that a defendant "could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race." Id. Nor did the Court believe that a defendant "can fairly be said to have waived his right to appeal his sentence on the ground that the proceedings following the entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel." Id.

Subsequently, in United States v. Lemaster, supra, the Fourth Circuit saw no reason to distinguish between waivers of direct appeal rights and waivers of collateral attack rights. Lemaster, 403 F.3d at 220. Therefore, like waiver-of-appeal-rights provision, the Court found that the waiver of the right to collaterally attack a sentence is valid as long as it is knowing and voluntary. Id. And, although, the Court expressly declined to address whether the same exceptions apply since Lemaster failed to make such an argument, the Court stressed that it "saw no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights." Id. at n. 2.

Based on these cases, it appears that ineffective assistance of counsel ("IAC") claims are barred by a valid waiver, to the extent that the facts giving rise to the claims occurred prior to the defendant entering his guilty plea. Only claims arising after the entry of the guilty plea may fall outside the scope of the waiver. Lemaster, 403 F.3d at 732 (it cannot be fairly said that a defendant "waived his right to appeal his sentence on the ground that the proceedings following entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel, for a defendant's agreement to waive appellate review of his sentence is implicitly conditioned on the assumption that the proceedings following entry of the plea will be conducted in accordance with constitutional limitations").

Therefore, when reviewing an ineffective assistance of counsel claim in a case where there

is a waiver of collateral-attack rights in a plea agreement, we must first determine whether there is valid waiver. In doing so,

> The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal. Although this determination is often made based on adequacy of the plea colloquy -- specifically, whether the district court questioned the defendant about the appeal waiver – the issue ultimately is evaluated by reference to the totality of the circumstances. Thus, the determination must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.

United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005) (internal citations and quotations omitted). In other words, the Court must examine the actual waiver provision, the plea agreement as a whole, the plea colloquy, and the defendant's ability to understand the proceedings. Id. If the Court finds that the waiver is valid, any IAC claims arising prior to the plea agreement are barred by the waiver.

Here, the undersigned finds that the petitioner knowingly and intelligently waived his appeal and collateral attack rights. At both the Rule 11 and sentencing hearing, the Court specifically addressed the issue of the waiver with the petitioner. At both proceedings, petitioner stated affirmatively that he understood the waiver. Moreover, all of the petitioner's claims arise prior to sentencing. Thus, the claims raised in the instant petition are all barred by the valid waiver contained in the plea agreement.

### III.  Recommendation

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be **DENIED** and **DISMISSED** from the Court's active docket because the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the conviction.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the

recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Opinion/Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: June _6, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE